UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JAMES CHATMAN, | No.  2:13-cv-1605 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. FRAZIER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id.  An amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Here, plaintiff filed an amended complaint as of right before service of process or a responsive pleading was filed.  Thus, plaintiff's amended complaint is before the court.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Thus, the court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Screening Order

The court has reviewed plaintiff's amended complaint pursuant to § 1915A and finds it must be dismissed with leave to amend, for the following reasons.

First, plaintiff improperly joined unrelated claims and defendants in a single lawsuit. The amended complaint references discrete events involving one or more of the approximately 26 named defendants. Plaintiff raises multiple and unrelated claims of retaliation, deliberate indifference to his medical needs, alleged falsification of documents, "censoring" and confiscation of mail, both legal and non-legal, destruction and confiscation of personal property, and alleged wrongful lockdowns while plaintiff was housed at High Desert State Prison. While not all of plaintiff's intended claims for relief are clear, it is obvious that plaintiff's allegations may not be properly joined together as claims in this action, as they involve discrete events that do not arise out of the same transaction or occurrence and involve a common question of law or fact.[1] See Fed. R. Civ. P. 20(a)(2). Because the amended complaint appears to allege unrelated

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [ ] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous

4

claims against different defendants, plaintiff must file a second amended complaint correcting this defect – and only addressing one claim or related incidents.

Second, plaintiff fails to state a cognizable claim against defendant Arana. Plaintiff claims that on four separate occasions, defendant Arana refused to accept plaintiff's outgoing correspondence for mailing because of a "brief argument" between them. (ECF No. 6 at 11, 19.) However, plaintiff also states that he submitted such mail to another unit officer the following day. (ECF No. 6 at 11.) Plaintiff does not allege that he was trying to send legal mail, and he does not allege any injury resulting from the brief delay in mailing. Plaintiff's claim against defendant Arana does not rise to the level of a constitutional violation and should not be included in any second amended complaint.

Plaintiff's other claims concerning interference with mail are too vague and conclusory for the court to determine whether they are frivolous or state a claim for relief. Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by prison officials under certain circumstances. Witherow, 52 F.3d at 265; Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) ( per curiam ) (outgoing mail); Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (incoming mail). Plaintiff's mail claims are dismissed without prejudice.

Third, plaintiff raises various allegations concerning the theft, loss, or destruction of personal property, including the retention of $14.00 for a photo sale that took place during a prison lockdown. Where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional due process claim where the state provides an adequate post-deprivation remedy. See, e.g., Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides such a remedy for prisoners. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code §§ 810-895). Thus, plaintiff's allegations regarding the unauthorized deprivation of his property fails to state a

---

suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

cognizable due process claim. Any claims concerning the destruction of personal property are frivolous, see 28 U.S.C. § 1915(e)(2), and should not be included in any second amended complaint.

Fourth, to the extent plaintiff contends that his allegations should be construed as an access to court claim, such claim lacks merit. Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir.2011). However, an inmate alleging a violation of this right must show that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured or impaired his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Therefore, a prisoner does not state an access to court claim merely because an alleged property deprivation included legal property. Plaintiff does not allege that he was prevented from accessing the court or that he suffered any cognizable injury because of the loss or destruction of legal property.

Fifth, plaintiff includes vague claims of harassment and threats. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). In addition, allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

////

1          Sixth, plaintiff included no charging allegations as to defendant Dittman.  Plaintiff must

2  include factual support demonstrating that each named individual has violated plaintiff's

3  constitutional rights.

4          Seventh, plaintiff may be able to allege facts demonstrating defendant Barnes was

5  deliberately indifferent to plaintiff's serious medical needs.  To succeed on an Eighth Amendment

6  claim predicated on the denial of medical care, a plaintiff must establish that he had a serious

7  medical need and that the defendant's response to that need was deliberately indifferent.  Jett v.

8  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106

9  (1976).  A serious medical need exists if the failure to treat the condition could result in further

10 significant injury or the unnecessary and wanton infliction of pain.  Jett, 439 F.3d at 1096.

11 Deliberate indifference may be shown by the denial, delay or intentional interference with

12 medical treatment or by the way in which medical care is provided.  Hutchinson v. United States,

13 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both

14 be aware of facts from which the inference could be drawn that a substantial risk of serious harm

15 exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus,

16 a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

17 disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough

18 that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."

19 Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's

20 Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

21 failure to competently treat a serious medical condition, even if some treatment is prescribed, may

22 constitute deliberate indifference in a particular case.  Id.  However, it is well established that

23 mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

24 Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v.

25 Oregon, 662 F.2d at 1344.

26         Eighth, plaintiff may be able to state a cognizable retaliation claim against some of the

27 named defendants, provided plaintiff can allege sufficient facts connecting the alleged adverse

28 action to plaintiff's protected conduct.  To state a viable First Amendment retaliation claim, a

7

prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). However, not every allegedly adverse action will support a retaliation claim. See e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."). Moreover, prisoner retaliation claims are evaluated in light of Sandin v. Conner, 515 U.S. 472 (1995), in which the Supreme Court expressed disapproval of excessive judicial involvement in day-to-day prison management.[2] Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

Ninth, there are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.").

Tenth, plaintiff listed 24 defendants in the case caption and parties section of the amended complaint, but raised allegations as to 26 individuals in the body of the amended complaint. Plaintiff is advised that every individual named as a defendant must be listed both in the case caption as well as in the parties section of a complaint.

---

[2] In particular, the Supreme Court noted "the view expressed in several of our cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," especially with regard to "the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims" under section 1983. Sandin, 515 U.S. at 482-83.

8

Therefore, the court finds that the allegations in plaintiff's complaint are so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

In addition, many of plaintiff's claims are not related and are independent of each other. This court will not allow plaintiff to proceed in this action against more than twenty named defendants if his claims against those defendants are wholly unrelated. See Fed. R. Civ. P. 18(a). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim against a single defendant that is based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). However, unrelated claims against different defendants must be pursued in multiple lawsuits. See George, 507 F.3d at 605; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); Rowe v. Baughman, 2011 WL 720072 at *3 (E.D. Cal. Feb.22, 2011) (relying on the decision in George and dismissing complaint with leave to amend due to plaintiff's failure to comply with Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, 2011 WL 587589 at * 2 (E.D. Cal. Feb.9, 2011) (same). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in a second amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 8, 2014

/chat1605.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. FRAZIER, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1605 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

　　　_____　　　Second Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　Plaintiff