UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>FRAZIER, et al.,<br><br>        Defendants. | No.  2:13-cv-1605 KJN P<br><br><br>ORDER |

On May 19, 2015, defendants filed a motion for order revoking plaintiff's in forma pauperis status and dismissing the third amended complaint pursuant to U.S.C. § 1915(g). Plaintiff has not opposed the motion.

Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  On September 16, 2014, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  In the order filed September 16, 2014, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

1

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, plaintiff is granted additional time to respond to the motion.

On June 22, 2015, defendants filed a request for stay pending ruling on the pending motion to dismiss. (ECF No. 24.) Defendants ask the court to stay the proceedings pending resolution of the pending motion to dismiss or, in the alternative, to grant an extension of time in which to file an answer. In light of the pending motion, the undersigned finds good cause exists to extend the deadline for filing a responsive pleading. All defendants, including defendant Zamora, shall file a responsive pleading thirty days following any order denying the motion to dismiss.

IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of this order, plaintiff shall file an opposition, if any, to the pending motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendants' request (ECF No. 24) is partially granted; and

3. Defendants shall file a responsive pleading thirty days after any order denying the motion to dismiss (ECF No. 21).

Dated: June 23, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chat1605.nop+