UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. 2:13-cv-1605 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| FRAZIER, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on May 9, 2014. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As noted in this court's screening order, plaintiff's third amended complaint states potentially cognizable First and Eighth Amendment claims against eleven different defendants arising from at least eight separate incidents. (ECF No. 15.)

On September 3, 2015, defendants Lee and Robertson filed a request to join the remaining defendants' motion to revoke plaintiff's in forma pauperis status and dismiss this action. Good cause appearing, the request is granted.

All defendants have moved to revoke plaintiff's in forma pauperis status on the grounds that plaintiff has previously filed at least four actions or appeals that constitute strikes under 28

U.S.C. § 1915(g), and plaintiff is not in imminent danger of physical injury. In his opposition, plaintiff does not contend that he was in imminent danger of physical injury, but contends that he has not sustained four strikes. (ECF No. 26 at 2.) Plaintiff argues, *inter alia*, that habeas corpus petitions are not subject to strikes under § 1915(g), and that the courts did not expressly state that his filings were "strikes" under § 1915(g). Defendants reply, *inter alia*, that courts are not required to label dismissals as strikes under § 1915(g). As set forth more fully below, the court finds that plaintiff has suffered three prior dismissals that constitute strikes under § 1915(g), and failed to demonstrate he was faced with an imminent threat of serious physical injury at the time he filed his amended complaint; thus, defendants' motion to revoke plaintiff's in forma pauperis status should be granted, and plaintiff should be required to pay the filing fee in full or face dismissal of this action.

II. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his

2

complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Cervantes, 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. at 1120 (quoting § 1915(g)). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).[1]

Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. King, 398 F.3d at 1120. If the plaintiff fails to meet that burden, plaintiff's in forma pauperis status should be revoked under § 1915(g). King, 398 F.3d at 1120.

III. Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed.

---

[1] Plaintiff's argument that certain dismissals cannot count as strikes because the court did not expressly "deem" the dismissal to be a strike is unavailing in light of Knapp and King.

Rule Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

As the court documents filed in plaintiff's prior cases are proper subjects for judicial notice, defendants' request is granted.

IV. Plaintiff's Prior Actions

The court addresses the following cases that defendants contend constitute strikes under § 1915(g):

A. Chatman v. Horsley, Case No. 3:00-cv-01807 MMC (N.D. Cal. May 19, 2000).

The Northern District of California dismissed this action for failure to state a claim upon which relief may be granted. (ECF No. 21-2 at 12.) Plaintiff did not address this case. (ECF No. 26 at 2.) By its plain language, this dismissal counts as a strike. King, 398 F.3d at 1120.

B. Chatman v. Runnels, Case No. 3:05-cv-02944 MMC (N.D. Cal. July 19, 2005).

The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)." King, 398 F.3d at 1122. However, the court also noted the following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

King, 398 F.3d at 1123 n.12. Here, it is not clear from the record that plaintiff filed the petition to expunge infractions that were placed in his record while housed in the San Mateo County Jail as a habeas petition simply to avoid the penalties imposed by § 1915(g). The district court's initial order informed plaintiff that in order to invoke habeas jurisdiction, he must allege facts implicating the fact or duration of his confinement, such as the loss of time credits. (ECF No. 21-2 at 46.) The district court's order of dismissal did not suggest that plaintiff's habeas petition was brought in bad faith or was intentionally mislabeled to avoid the § 1915(g) bar; rather, the district court noted that plaintiff was not granted the option of filing a civil rights complaint but was required to file an amended habeas petition or file a civil rights complaint in a new action. (ECF

4

1  No. 21-2 at 51.)  Unlike the case upon which defendants rely, Hollis v. Downing, 2010 WL
2  5115196, at *3 (E.D. Cal. Dec. 9, 2010), the Northern District did not expressly find that
3  plaintiff's appeal was frivolous.  Thus, the undersigned declines to find the dismissal of Case No.
4  3:05-cv-02944 a strike pursuant to § 1915(g).

5        C.  Chatman v. Runnels, Case No. 06-16235 (9th Cir. June 12, 2006).

6  In this habeas action, plaintiff appealed the dismissal of Case No. 3:05-cv-02944 MMC.
7  The Ninth Circuit denied plaintiff's request for certificate of appealability on December 19, 2006,
8  without comment, and subsequently denied his requests for reconsideration.  (ECF No. 21-2 at
9  63, 66, 72.)

10  Defendants contend that this appeal was frivolous because plaintiff could simply re-file a
11  separate civil rights action as the court instructed, relying on Hollis v. Downing, 2010 WL
12  5115196, at *3 (E.D. Cal. 2010), in which the undersigned found that an inmate's appeal of the
13  denial of an improper habeas petition was frivolous because the inmate was instructed to re-file a
14  separate civil rights action.  However, unlike in Hollis, where the district court below expressly
15  found the inmate's appeal was frivolous, there is no such finding in plaintiff's cases.  Therefore, it
16  is not clear that plaintiff's appeal may be construed as a strike.  See Farley v. Virga, 2012 WL
17  3070632 (E.D. Cal. July 26, 2012) (distinguishing Hollis); Thomas v. Felker, 2012 WL 2116406,
18  at *4 (E.D. Cal. June 11, 2012).  Accordingly, the court declines to construe plaintiff's appeal of
19  the dismissal of his habeas petition to be a strike under § 1915(g).

20        D.  Chatman v. Adams, Case No. 1:07-cv-00902 AWI SMS (E.D. Cal. June 21, 2007).

21  The district court *sua sponte* dismissed this action with prejudice at the screening stage
22  based on plaintiff's failure to comply with the statute of limitations.  Although the district court
23  did not state that the untimeliness of the complaint was obvious from the face of the pleading, it is
24  a reasonable inference for several reasons.  First, the findings and recommendations noted it was
25  screening the amended complaint under 28 U.S.C. § 1915A(a).  (ECF No. 21-2 at 86.)  Second, in
26  evaluating the amended complaint, the magistrate judge considered plaintiff's reasons why the
27  action should not be time-barred, which were included in plaintiff's amended complaint.  (ECF
28  No. 21-2 at 86-89.)  Third, plaintiff's claims accrued in 2001, yet plaintiff did not file his pleading

until 2007. (Id.) The magistrate judge recommended that the amended complaint be dismissed on the ground that the claims were time barred, and the district court adopted the findings and recommendations in full. (ECF No. 21-2 at 86-90.)

Defendants did not provide Supreme Court or Ninth Circuit authority for the proposition that a dismissal with prejudice on the ground that the claims are barred by the statute of limitations can serve as a strike under § 1915(g), and this court did not find any. Similarly, the Ninth Circuit has not decided whether a dismissal for failure to exhaust administrative remedies constitutes a strike under § 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1154 n.9 (9th Cir. 2008). However, the Tenth Circuit has held that dismissal of a complaint as time-barred, where the time-bar is shown by plaintiff's own allegations, constitutes a strike under § 1915(g). Smith v. Veterans Admin., 636 F.3d 1306, 1312-13 & n.3 (10th Cir. 2011) ("whether Mr. Smith's claims in Smith 2, 08cv219, were dismissed as premature under Heck [v. Humphrey, 512 U.S. 477 (1994),] or as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g)."), cert. denied, 132 S. Ct. 381 (2011). The court noted that if the plaintiff's complaint did not demonstrate a lack of any valid basis to toll the limitations period, then the district court should have given the plaintiff notice of its intent to dismiss on the time-bar ground; but even if the district court had failed to comply with that process, the dismissal counted as a strike under § 1915(g). Smith, 636 F.3d at 1313 n.3.

In deciding that an inmate's failure to exhaust is an affirmative defense and not a pleading requirement, the Supreme Court stated that:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. See Leveto v. Lapina, 258 F.3d 156, 161 (C.A. 3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). See also Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (C.A. 1 2005) (dismissing a complaint barred by the

6

statute of limitations under Rule 12(b)(6)); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74-75 (C.A. 2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). See also 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

Jones v. Bock, 549 U.S. 199, 214-15 (2007). As articulated by another colleague,

> When the allegations of a complaint affirmatively demonstrate plaintiff's failure to comply with procedural requirements, including the administrative exhaustion requirement or statute of limitations, dismissal on those grounds constitutes dismissal for failure to state a claim for PLRA purposes.

Williams v. California Dept. of Corrections and Rehabilitation, No. 2:09-cv-0784 AC P, 2013 WL 2151573, *4 (E.D. Cal. May 16, 2013) (finding that dismissal for non-exhaustion at screening, on grounds that constitute failure to state a claim, counts as a strike under § 1915(g)), citing Jones v. Bock, 549 U.S. at 21-15. In their motion, defendants rely on Francis v. Tilton, No. CIV S-09-0262 GEB GGH P, 2010 WL 235041, *2 (E.D. Cal. Jan. 21, 2010), in which the district court found that the reasoning of Jones v. Bock, 549 U.S. at 215, supports a finding that a statute of limitations dismissal qualifies as a § 1915(g) strike.

More recently, a district judge in the Northern District found that a dismissal with prejudice on the ground that an action was barred by the statute of limitations should serve as a § 1915(g) strike. Bayramoglu v. Cate, No. C 13-1094 YGR (PR), 2014 WL 3704798, at *3 (N.D. Cal. July 23, 2014). In Bayramoglu, the court relied on the following authority:

> The Ninth Circuit has held that a "claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)[2] quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006). As mentioned above, the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation.

Bayramoglu, 2014 WL 3704798, at *3. In Knapp, the Ninth Circuit again confirmed that it interprets dismissal for "'fail[ure] to state a claim upon which relief may be granted,' to be

---

[2] Von Saher was overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

7

essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." Knapp, 738 F.3d at 1109 (citing Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) ("in enacting section 1915(g), Congress chose to mirror the language of Federal Rule of Civil Procedure 12(b)(6)").).

Plaintiff claims that dismissals on statute of limitations grounds do not count as strikes for purposes of § 1915(g), citing Myles v. United States, 416 F.3d 551, 553 (7th Cir. 2005), and Daniels v. Woodford, No. CV 07-6975 PA(JC), 2008 WL 2079010, at *8 (C.D. Cal. May 13, 2008). However, in Daniels, the district judge noted that the defendants cited no authority for their argument that the statute of limitations dismissal constituted a strike. Id. Here, defendants provided relevant authority from this district in support of their argument. Thus, Daniels is inapposite.

In Myles, the Seventh Circuit addressed an appeal of the district court's screening order which dismissed his Federal Tort Claims Act as untimely. Id. In addressing the perils of suing individuals in federal court, the court noted that dismissals for failure to state a claim on which relief may be granted counts toward the limit of three suits allowed to prisoners proceeding in forma pauperis, even if the claim is not frivolous. Id., 416 F.3d at 553. The court then stated:

> The statute of limitations is an affirmative defense, so Myles's unsuccessful claim against the United States is not a strike under this subsection, while a failed suit against prison administrators likely would be.

Id., 416 F.3d at 553. Plaintiff's reliance on Myles is unavailing for two reasons. First, this court is not bound by Seventh Circuit authority. Second, Myles was issued in 2005, before the Supreme Court issued its ruling in Jones v. Bock, 549 U.S. at 199.

The undersigned is not persuaded by plaintiff's arguments. Rather, the undersigned is persuaded that where the allegations of the pleading affirmatively demonstrate a prisoner's failure to comply with procedural requirements, such as the statute of limitations, dismissal on such grounds constitutes dismissal for failure to state a claim for purposes of the PLRA. See Jones v. Bock, 549 U.S. at 215; Bayramoglu, 2014 WL 3704798, at *3.

////

Accordingly, because Case No. 1:07-cv-00902 AWI SMS was dismissed in its entirety at the screening stage, with prejudice, on grounds that constitute failure to state a claim, the undersigned finds that it should count as a strike under 28 U.S.C. § 1915(g).

E. Chatman v. County of San Mateo, Case No. 3:08-cv-00050 MMC (N.D. Cal. Jan. 4, 2008).

During the preliminary screening under 28 U.S.C. § 1915A(a), the district judge found that "from the face of plaintiff's complaint and the court's records, the statute of limitations [was] a complete defense to [plaintiff's] claims. . . ." (ECF No. 21-2 at 109.) Plaintiff's claims accrued no later than November 20, 2000, yet he did not file this action until January 1, 2008. (ECF No. 21-2 at 109-110.) The district judge noted that plaintiff was able to file other actions in the Northern District and the Eastern District during the relevant statutory period. (ECF No. 21-2 at 110.) As set forth above, because the allegations of the complaint affirmatively demonstrated plaintiff's failure to comply with procedural requirements, specifically the statute of limitations, dismissal on such grounds constitutes dismissal for failure to state a claim for PLRA purposes. See Jones v. Bock, 549 U.S. at 214-15. Therefore, this dismissal constitutes a strike.[3]

V. Imminent Danger Exception

Because plaintiff has filed three cases that constitute strikes under § 1915(g), he is precluded from proceeding in forma pauperis in this action unless he can demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The court reviewed plaintiff's amended complaint and finds that he has not alleged any

////

---

[3] Defendants included in their subheadings the appeals of the underlying district court dismissals in: Chatman v. Adams, Case No. 08-16517 (9th Cir. June 25, 2008), and Chatman v. County of San Mateo, Case No. 08-17076 (9th Cir. Sept. 17, 2008). (ECF No. 21-1 at 8-9; 27 at 4.) However, defendants made no arguments concerning whether the appeals should also serve as strikes. Rather, defendants only argued that the district court cases constitute strikes. (Id.) Thus, the court does not address the question of whether such appeals also constitute strikes under § 1915(g).

facts which suggest that he was under imminent danger of serious physical injury at the time he filed his pleading. Plaintiff makes no argument to the contrary.

VI. Conclusion

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed the instant pleading, defendant's motion should be granted, and plaintiff should be required to submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Defendants' request for judicial notice (ECF No. 21-2) is granted.

IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 21) be granted; and

2. Plaintiff be ordered to submit, within twenty-one days from any order by the district court adopting these findings and recommendations, the appropriate filing fee, and plaintiff be warned that his failure to comply with such order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 24, 2015

/chat1605.mtd.rev.ifp.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10