UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. 2:13-cv-1605 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS |
| FRAZIER, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on May 9, 2014. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As noted in this court's screening order, plaintiff's third amended complaint states potentially cognizable First and Eighth Amendment claims against eleven different defendants arising from at least eight separate incidents. (ECF No. 15.)

On September 3, 2015, defendants Lee and Robertson filed a request to join the remaining defendants' motion to revoke plaintiff's in forma pauperis status and dismiss this action. On November 24, 2015, their request was granted. (ECF No. 34 at 1.)

All defendants have moved to revoke plaintiff's in forma pauperis status on the grounds that plaintiff previously filed at least four actions or appeals that constitute strikes under 28

1

U.S.C. § 1915(g), and plaintiff is not in imminent danger of physical injury. In his opposition, plaintiff does not contend that he was in imminent danger of physical injury, but contends that he has not sustained four strikes. (ECF No. 26 at 2.) Plaintiff argues, *inter alia*, that habeas corpus petitions are not subject to strikes under § 1915(g), and that the courts did not expressly state that his filings were "strikes" under § 1915(g). Defendants reply, *inter alia*, that courts are not required to label dismissals as strikes under § 1915(g).

On January 25, 2016, plaintiff filed objections to the November 24, 2015 findings and recommendations, noting that in his appeal of Case No. 1:07-cv-0902 AWI SMS (E.D. Cal.), the Ninth Circuit Court of Appeals issued rulings demonstrating that the district court's dismissal of his complaint as barred by the statute of limitations was not apparent from the face of his pleading. Respondent did not file objections or a reply. As discussed in more detail below, the undersigned is persuaded by plaintiff's new argument, vacates the November 24, 2015 findings and recommendations, and issues these amended findings and recommendations.

As set forth more fully below, the court finds that plaintiff has not suffered three prior dismissals that constitute strikes under 28 U.S.C. § 1915(g); thus, defendants' motion to revoke plaintiff's in forma pauperis status should be denied, and defendants should be directed to file an answer.

II. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate

1 consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones
2 v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the
3 prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent
4 danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir.
5 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly
6 allege that the prisoner was faced with imminent danger of serious physical injury at the time his
7 complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Cervantes,
8 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. at 1120 (quoting § 1915(g)). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).[1]

Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. King, 398 F.3d at 1120. If the plaintiff fails to meet that

////

---

[1] Plaintiff's argument that certain dismissals cannot count as strikes because the court did not expressly "deem" the dismissal to be a strike is unavailing in light of Knapp and King.

3

burden, plaintiff's in forma pauperis status should be revoked under 28 U.S.C. § 1915(g).  King, 398 F.3d at 1120.

III.  Plaintiff's Prior Actions[2]

The court addresses the following cases that defendants contend constitute strikes under § 1915(g):

    A.  Chatman v. Horsley, Case No. 3:00-cv-01807 MMC (N.D. Cal. May 19, 2000).

The Northern District of California dismissed this action for failure to state a claim upon which relief may be granted.  (ECF No. 21-2 at 12.)  Plaintiff did not address this case.  (ECF No. 26 at 2.)  By its plain language, this dismissal counts as a strike under 28 U.S.C. § 1915(g).  King, 398 F.3d at 1120.

    B.  Chatman v. Runnels, Case No. 3:05-cv-02944 MMC (N.D. Cal. July 19, 2005).

The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)."  King, 398 F.3d at 1122.  However, the court also noted the following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g).  In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

King, 398 F.3d at 1123 n.12.  Here, it is not clear from the record that plaintiff filed the petition to expunge infractions that were placed in his record while housed in the San Mateo County Jail as a habeas petition simply to avoid the penalties imposed by § 1915(g).  The district court's initial order informed plaintiff that in order to invoke habeas jurisdiction, he must allege facts implicating the fact or duration of his confinement, such as the loss of time credits.  (ECF No. 21-2 at 46.)  The district court's order of dismissal did not suggest that plaintiff's habeas petition was brought in bad faith or was intentionally mislabeled to avoid the § 1915(g) bar; rather, the district court noted that plaintiff was not granted the option of filing a civil rights complaint but was

---

[2] Because the court documents filed in plaintiff's prior cases are proper subjects for judicial notice, defendants' request to take judicial notice of such documents was granted.  (ECF No. 34 at 3-4.)

4

1 required to file an amended habeas petition or file a civil rights complaint in a new action. (ECF
2 No. 21-2 at 51.) Unlike the case upon which defendants rely, Hollis v. Downing, 2010 WL
3 5115196, at *3 (E.D. Cal. Dec. 9, 2010), the Northern District did not expressly find that
4 plaintiff's appeal was frivolous. Thus, the undersigned declines to find the dismissal of Case No.
5 3:05-cv-02944 a strike pursuant to 28 U.S.C. § 1915(g).

6       C. Chatman v. Runnels, Case No. 06-16235 (9th Cir. June 12, 2006).

7       In this habeas action, plaintiff appealed the dismissal of Case No. 3:05-cv-02944 MMC.
8 The Ninth Circuit denied plaintiff's request for certificate of appealability on December 19, 2006,
9 without comment, and subsequently denied his requests for reconsideration. (ECF No. 21-2 at
10 63, 66, 72.)

11       Defendants contend that this appeal was frivolous because plaintiff could simply re-file a
12 separate civil rights action as the court instructed, relying on Hollis v. Downing, 2010 WL
13 5115196, at *3 (E.D. Cal. 2010), in which the undersigned found that an inmate's appeal of the
14 denial of an improper habeas petition was frivolous because the inmate was instructed to re-file a
15 separate civil rights action. However, unlike in Hollis, where the district court below expressly
16 found the inmate's appeal was frivolous, there is no such finding in plaintiff's cases. Therefore, it
17 is not clear that plaintiff's appeal may be construed as a strike. See Farley v. Virga, 2012 WL
18 3070632 (E.D. Cal. July 26, 2012) (distinguishing Hollis); Thomas v. Felker, 2012 WL 2116406,
19 at *4 (E.D. Cal. June 11, 2012). Accordingly, the court declines to construe plaintiff's appeal of
20 the dismissal of his habeas petition to be a strike under 28 U.S.C. § 1915(g).

21       D. Chatman v. Adams, Case No. 1:07-cv-0902 AWI SMS (E.D. Cal. June 21, 2007).

22       The district court *sua sponte* dismissed this action with prejudice at the screening stage
23 based on plaintiff's failure to comply with the statute of limitations. Although the district court
24 did not state that the untimeliness of the complaint was obvious from the face of the pleading, it is
25 a reasonable inference for several reasons. First, the findings and recommendations noted it was
26 screening the amended complaint under 28 U.S.C. § 1915A(a). (ECF No. 21-2 at 86.) Second, in
27 evaluating the amended complaint, the magistrate judge considered plaintiff's reasons why the
28 action should not be time-barred, which were included in plaintiff's amended complaint. (ECF

5

1   No. 21-2 at 86-89.)  Third, plaintiff's claims accrued in 2001, yet plaintiff did not file his pleading
2   until 2007.  (Id.)  The magistrate judge recommended that the amended complaint be dismissed
3   on the ground that the claims were time-barred, and the district court adopted the findings and
4   recommendations in full.  (ECF No. 21-2 at 86-90.)

   Defendants did not provide Supreme Court or Ninth Circuit authority for the proposition that a dismissal with prejudice on the ground that the claims are barred by the statute of limitations can serve as a strike under § 1915(g), and this court did not find any.

   However, as argued by petitioner in his objections to the prior findings and recommendations, the Court of Appeals for the Ninth Circuit appointed counsel for petitioner, and found that the district court applied an incorrect limitations period, one year, rather than the new two year statute of limitations period.  Chatman v. Adams, Case No. 08-16517 (9th Cir. Jan. 18, 2011).[3]  In addition, the appeals court found that petitioner was entitled to equitable tolling for some portion of the limitations period, but concluded that the court "need not determine how much tolling is warranted, because even assuming Chatman is entitled to the full time he seeks, he still filed his complaint over six months too late."  Id. at 3.

   The undersigned is persuaded by plaintiff's new argument in his objections.  Because the district court improperly calculated the limitations period, and the appeals court found that plaintiff was entitled to some period of equitable tolling, it appears that the dismissal for violation of the statute of limitations period was not apparent from the face of plaintiff's complaint in Case No. 1:07-cv-0902 AWI SMS.  Accordingly, the undersigned declines to recommend that the dismissal of Case No. 1:07-cv-0902 AWI SMS, on statute of limitations grounds, be counted as a strike under 28 U.S.C. § 1915(g).

////

---

[3] Defendants included in their subheadings the appeals of the underlying district court dismissals in: Chatman v. Adams, Case No. 08-16517 (9th Cir. June 25, 2008), and Chatman v. County of San Mateo, Case No. 08-17076 (9th Cir. Sept. 17, 2008).  (ECF No. 21-1 at 8-9; 27 at 4.)  However, defendants made no arguments concerning whether the appeals should also serve as strikes.  Rather, defendants only argued that the district court cases constitute strikes.  (Id.)  Thus, the court does not address the question of whether such appeals also constitute strikes under § 1915(g).

  E. <u>Chatman v. County of San Mateo</u>, Case No. 3:08-cv-0050 MMC (N.D. Cal. Jan. 4, 2008).

  In this case, during the preliminary screening under 28 U.S.C. § 1915A(a), the district judge found that "from the face of plaintiff's complaint and the court's records, the statute of limitations [was] a complete defense to [plaintiff's] claims. . . ." (ECF No. 21-2 at 109.) Plaintiff's claims accrued no later than November 20, 2000, yet he did not file this action until January 1, 2008. (ECF No. 21-2 at 109-110.) The district judge noted that plaintiff was able to file other actions in the Northern District and the Eastern District during the relevant statutory period. (ECF No. 21-2 at 110.) On appeal, the court found that plaintiff's claims were properly dismissed as time-barred. <u>Chatman v. County of San Mateo</u>, Case No. 08-17076 (9th Cir. Dec. 14, 2009).

  Here, however, this court found that plaintiff has only sustained one strike under § 1915(g), in Case No. 3:00-cv-1807 MMC. The Ninth Circuit Court of Appeals and the Supreme Court have not expressly found that a dismissal with prejudice on the ground that the claims are barred by the statute of limitations can serve as a strike under § 1915(g). Thus, the undersigned declines to consider whether the dismissal of this action, Case No. 3:08-cv-0050 MMC, constitutes a strike under § 1915(g). Because plaintiff has not sustained three strikes under 28 U.S.C. § 1915(g), defendants' motion should be denied.

IV. <u>Conclusion</u>

  In accordance with the above, IT IS HEREBY ORDERED that the November 24, 2015 findings and recommendations (ECF No. 34) are vacated; and

  IT IS RECOMMENDED that:

  1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 21) be denied; and

  2. Defendants be ordered to file an answer within fourteen days from any order by the district court adopting these findings and recommendations.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chat1605.mtd.ifp.2