# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. 2:13-cv-1605 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| FRAZIER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2016, the magistrate judge filed amended findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, for the reasons set forth below the court declines to adopt the findings and recommendations.

At issue is whether two prior actions filed by plaintiff and dismissed on screening as barred by the statute of limitations are properly characterized as "strikes" under the provisions

1

of 28 U.S.C. § 1915(g).  In *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015), the United States Court of Appeals for the Ninth Circuit affirmed a district court decision dismissing a complaint on screening as barred by the statute of limitations and holding that the dismissal "constituted a 'strike' against [the plaintiff] pursuant to 28 U.S.C. § 1915(g)."  *Belanus*, 796 F.3d at 1023.  The issues before the panel in *Belanus* were (1) whether the plaintiff in that case could "assert a cognizable claim for equitable tolling of the statute of limitations," *id.*, and (2) whether the dismissal could count as a strike where the plaintiff had paid the filing fee for the lawsuit.  *Id*. at 1027.  Two members of the panel held the plaintiff could not demonstrate entitlement to equitable tolling and that a fee-paid complaint could count as a "strike" under 28 U.S.C. § 1915(g).[1]  The majority held that the district court had "properly considered Belanus's complaint and summarily determined that he could not state a cause of action" because the action was time-barred and plaintiff could not plead entitlement to equitable tolling.  *Id*. at 1030.  The panel also affirmed the "decision to count the dismissal as a strike against Belanus."  *Id*.

This court is bound by *Belanus.*  While the *Belanus* panel did not analyze whether dismissal on statute of limitations grounds qualifies as a dismissal for failure to state a claim within the meaning of 28 U.S.C. § 1915(g), its holding requires this court to find that such a dismissal does.  In accordance with *Belanus*, this court is required to conclude that both the dismissal in *Chatman v. Adams*, Case No. 1:07-cv-0902 AWI SMS (E.D. Cal. June 21, 2007) and the dismissal in *Chatman v. County of San Mateo*, Case No. 3:08-cv-0050 MMC (N.D. Cal. Jan. 4, 2008) constitute "strikes" within the meaning of 28 U.S.C. § 1915(g).  Given the magistrate judge's correct finding that *Chatman v. Horsley*, Case No. 3:00-cv-01807 MMC (N.D. Cal. May 19, 2000) counts as a strike under 28 U.S.C. § 1915(g), this court concludes that plaintiff has three "strikes" within the meaning of 28 U.S.C. § 1915(g).  Moreover, the allegations of the third

/////

---

[1] The dissent joined parts of the opinion but believed that plaintiff should have been given an opportunity to amend his complaint to plead entitlement to equitable tolling, and that the district court's characterization of the dismissal as a strike was "unnecessary" and had no "binding effect upon [plaintiff] or upon any future court," and there was no "case or controversy" as to that issue.  *Id*. at 1031-32.

amended complaint do not suggest that plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff's in forma pauperis status must therefore be revoked.

        Notwithstanding the foregoing, the Court Clerk's records reflect that the $350.00 filing fee for this action was paid in full on November 10, 2014.[2]  Therefore, while plaintiff's in forma pauperis status will be revoked,  this action is not subject to dismissal for plaintiff's failure to pay the filing fee.  Accordingly, this matter will be referred back to the assigned magistrate judge for further proceedings on the merits of plaintiff's claims.

        Accordingly, IT IS HEREBY ORDERED that:

    1. The amended findings and recommendations filed March 4, 2016, are adopted in part;

    2. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 21) is granted;

    3. Defendants shall answer the third amended complaint within fourteen days; and

    4. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED:  March 31, 2016

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's action was filed before the additional $50 administrative fee for fee-paid cases went into effect on December 1, 2014.  *See* Judicial Conference Schedule of Fees, issued in accordance with 28 U.S.C. § 1914.